# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ELIAS KANE, CDCR #AX-3761, Booking #17161895,<br><br>Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN STATE PRISON,<br><br>Defendant. | Case No.: 3:17-cv-02237-MMA-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

JEFFREY ELIAS KANE ("Plaintiff"), a former state prisoner, now detained at the San Diego Sheriff's Department's North County Regional Facility in Vista, California ("VDF"), and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff's Complaint names R.J. Donovan State Prison as the sole Defendant, and it contains no factual allegations or constitutional basis for relief. Instead, Plaintiff simply requests $12 million in general and punitive damages and refers to *another* civil action he

previously filed: *Kane v. RJ Donovan State Prison, et al.*, S.D. Cal. Civil Case No. 3:16-cv-00010-BEN-JLB. *See* Compl., Doc. No. 1 at 1-3.

Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

I.   **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his Sheriff's Department trust account activity statement, together with a prison certificate completed by the Facility Commander at VDF attesting to his account activity. *See* Doc. No. 2 at 4-5; *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has carried a $.01 average monthly balance, had an average monthly deposit of only $5 to his account over the 6-month period immediately preceding the filing of his Complaint, and an available balance of only $.06 on the books at the time of filing. *See* Doc. No. 2 at 4, 5.

Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to exact an initial filing fee because his trust account statement indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the VDF Facility Commander, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///

///

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short. *Id.*; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Discussion

As noted above, Plaintiff's Complaint contains no factual allegations and he cites no constitutional basis for relief whatsoever. While he has invoked federal jurisdiction by using the Court's form 42 U.S.C. § 1983 Complaint, and names RJ Donovan State Prison as the sole Defendant in its caption, his pleading merely refers to a previously filed case, the facts and allegations from which the Court presumes he wishes to incorporate into this civil action by reference. *See* Compl., Doc. No. 1 at 1; FED. R. CIV. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading of motion.").

Except where separate cases have been "consolidated ... for pretrial purposes," and thus "share the same docket sheet and file under the same case number," *see e.g., Glob. Oil Tools, Inc. v. Barnhill,* No. CIV.A. 12-3041, 2013 WL 3070838, at *9 (E.D. La. June 17, 2013)), or where an indigent pro se litigant requests original exhibits submitted in support of one civil action be incorporated by reference to another related case due to his lack of access to a photocopier, *see Weatherspoon v. Dinsa*, No. 14-CV-12756, 2015 WL 5634448, at *7 (E.D. Mich. Sept. 25, 2015), courts typically hold that Rule 10(c) does not allow a party to adopt by reference pleadings from a wholly separate action, even if that action is between the same parties. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 492 (C.D. Cal. 2014) (citing *Tex. Water Supply Corp. v. R.F.C.*, 204 F.2d 190, 196-97 (5th Cir. 1953) ("Rule 10(c) ... permits references to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a cross-claim in a separate action in a different court by mere reference."); *Aronson v. Advanced Cell Tech., Inc.*, 972 F. Supp. 2d 123, 136 (D. Mass. 2013) (quoting *Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011)); *Davis v. Bifani*, Civil Action No. 07-cv-00122-MEH-BNB, 2007 WL 1216518, at *1 (D. Colo. Apr. 24, 2007) ("[T]he Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action, even if that action is between the same parties.")).

This Court agrees and finds that FED. R. CIV. P. 10(c) does not permit the adoption by reference of factual allegations and legal claims Plaintiff previously raised in *Kane v. RJ Donovan State Prison, et al.*, S.D. Cal. Civil Case No. 3:16-cv-00010-BEN-JLB, as a valid means of supplanting FED. R. CIV. P. 8(a)(3) and its requirement that Plaintiff's current Complaint, by itself and without reference to any other civil action he filed in the past, contain a "short and plain statement of the claim showing that [he] is entitled to relief." *See* FED. R. CIV. P. 8(a)(3). Because it does not, Plaintiff has failed to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See also Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1121.

Moreover, even if Plaintiff had included some factual allegations in his current pleading, section 1983 "by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *Sprint Telephony PCS v. County of San Diego*, 490 F.3d 700, 717 (9th Cir. 2007). In other words, section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "In § 1983 cases, it is the constitutional right itself that forms the basis of the claim." *Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, *and* (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Plaintiff's Complaint fails to do either: he pleads no "factual content that allows the court to draw [a] reasonable inference that the defendant is liable" for depriving him of any constitutional or federal statutory right, *Iqbal*, 556 U.S. at 676, 678, and the only party he has named as a Defendant—RJ Donovan State Prison—is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir.

1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); *Rojo v. R.J. Donovan State Prison*, No. 13CV2237 LAB BGS, 2014 WL 1653102, at *2 (S.D. Cal. Apr. 23, 2014) (sua sponte dismissing prisoner's § 1983 complaint against R.J. Donovan State Prison pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2)).

  C. Leave to Amend

Finally, while the Court would typically grant leave to amend in light of Plaintiff's pro se status, it concludes that doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

This is because Plaintiff's attempt to adopt by reference his previously filed civil action in *Kane v. RJ Donovan State Prison, et al.*, S.D. Cal. Civil Case No. 3:16-cv-00010-BEN-JLB as the basis for *this* subsequently-filed case shows he means to "merely repeat[] pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).[2] An IFP complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Id.* (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). And "[w]hen a case may be classified as frivolous or

---

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n.8.

## IV. Conclusion and Orders

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2).

2) **ORDERS** the Facility Commander of VDF, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DISMISSES** Plaintiff's Complaint without leave to amend both for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

4) **CERTIFIES** that an IFP appeal of this dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5) **DIRECTS** the Clerk of Court to serve a copy of this Order on the Facility Commander, San Diego Sheriff's Department North County Regional Facility, 325 S. Melrose Ave., Vista, California, 92083, terminate this action, and close the file.

**IT IS SO ORDERED**.

DATE: December 21, 2017

HON. MICHAEL M. ANELLO
United States District Judge